United States District Court
Southern District of Texas
ENTERED
SEP 0 3 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| KARLOS GUSTAVO BOUCHOT, Petitioner, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-236 |
| WAYNE SCOTT, DIRECTOR OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-INSTITUTIONAL DIVISION, Respondent. | § § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Karlos Gustavo Bouchot ("Bouchot") has filed a habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254. The State of Texas has filed a Motion to Dismiss (Docket No. 4), and a Supplemental Response (Docket No. 10). For the reasons set forth below, this case should be dismissed.

### BACKGROUND

According to the State Record which have been filed in this case by the Texas Attorney General, Bouchot and two others were indicted on September 28, 1994, and charged with using a firearm during the course of a robbery. An attorney was appointed to defend Bouchot. The State Court docket sheet shows that Bouchot's attorney filed six motions on his behalf *i.e.* a request for a pre-trial hearing, a motion for the state to reveal any agreements with witnesses, motion for discovery, motion to adopt co-defendants motions and objections, a motion to sever defendants, and a motion to produce exculpatory and mitigating evidence.

On November 23, 1994, Bouchot pled guilty. His plea was a "cold plea" although there is an indication in the State Records (see p. 2 of Order on Applicant's Application for Writ of Habeas Corpus & p. 2 of Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury and Plea of Guilty) that the agreement was that his sentence would run concurrently with sentences in two other aggravated assault with deadly weapons cases. On December 16, 1994, he was sentenced to twenty-five years confinement.

No appeal was taken, but on March 10, 1997, Bouchot filed an application for habeas corpus. He was represented by different counsel. The application for habeas raises two points: First, that trial counsel was ineffective in not raising the issue of defective indictment; Second, that Bouchot's indictment was defective. The trial court denied the application and the Court of Criminal Appeals dismissed the application for want of jurisdiction. This dismissal took place on June 4, 1997.

Bouchot filed this *pro se* petition on October 9, 1997

The *pro se* habeas petition makes essentially the same arguments that Bouchot made in his State petition- ineffective assistance of counsel and defective indictment.

## RECOMMENDATION

The State filed a Motion to Dismiss, claiming that Bouchot's § 2254 petition was time barred by the one year limitation provision contained in 28 U.S.C. § 2244(d). The State's argument is that Bouchot's underlying conviction became final on January 19, 1995, when his time to file a direct appeal ran.

The State went on to argue that under the holding in *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998) the one year limitation in § 2244(d) started to run on April 24, 1996,

2

the effective date of § 2244(d), thus Bouchot's time for filing a § 2254 petition would have expired on April 24, 1997, almost six month's prior to its filing. Bouchot's State habeas was filed on March 10, 1997, and ultimately dismissed for want of jurisdiction by the Texas Court of Criminal Appeals on June 4, 1997. The State argues that this time should not toll the one year limitation statute because, in effect, the state habeas was never filed. It is not necessary to answer that argument, since even tolling the one year limitation for the pendency of the state action under the Fifth Circuit's holding in *Brewer v. United States* 139 F.3d 491, 493 (5th Cir. 1998) would still mean Bouchot's § 2254 petition was not timely filed. Giving Bouchot the most generous interpretation of the tolling shows that his state habeas was pending eighty seven days -March 10, 1997-June 4, 1997. If the one year limitation were tolled for that entire period, Bouchot should have filed his § 2254 petition by July 25, 1997.

Bouchot argues that he can demonstrate cause and prejudice for his failure to file his § 2254 petition on time. This argument is facially absurd. There was nothing to prevent his filing. All the facts were known to him well before the expiration of the one year limitation period.

IT IS THEREFORE **RECOMMENDED** that Karlos Gustavo Bouchot's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 31st day of August 1998.

                                                         John Wm. Black  
                                        United States Magistrate Judge